Gregory L. Weeks, Esq., CSB No. 58584
Janet Robertson Kaufman, Esq., CSB No. 116143
Gregory K. Nelson, Esq., CSB No. 203029
Chandler G. Weeks, Esq., CSB No. 245503
WEEKS, KAUFMAN, NELSON & JOHNSON
462 Stevens Avenue, Suite 310
Solana Beach, CA 92075
Telephone: (858) 794-2140
Fax: (858) 794-2141
Email: Office@wknjlaw.com

Attorneys for Plaintiff

FILED
2008 MAR 14 PM 4: 24

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WEYCO GROUP, INC., a Wisconsin Corporation, dba NUNN BUSH,<br><br>Defendant | Case No. '08 CV 0480 L RBB<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN<br><br>DEMAND FOR JURY TRIAL |

Plaintiff OAKLEY, INC. (hereinafter referred to as "Oakley") hereby complains of Defendant WEYCO GROUP INC., dba NUNN BUSH (hereinafter referred to as "Weyco"), and alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction over this action is founded upon 15 U.S.C. § 1121, and 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. §§ 1391(b) and (c), this claim having arisen and Defendant doing business in this district.

… … …

## THE PARTIES

2. Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610, doing business within this judicial district.

3. Oakley is informed and believes, and thereupon alleges that Defendant Weyco is a Wisconsin corporation with its principal place of business located at 333 W Estabrook Blvd., Glendale, Wisconsin 53212. Oakley is informed and believes, Defendant is doing business as Nunn Bush on www.nunnbush.com. Oakley alleges that Defendant Weyco is doing business within this judicial district through its distribution of product to third parties within and throughout this judicial district and through its website www.nunnbush.com, and others.

## FACTUAL BACKGROUND

4. As early as 1976, Oakley has been and continues to be actively engaged in the manufacture and sale of high quality sport eyewear products, footwear, and apparel. Oakley is currently manufacturing and selling several lines of footwear and accessories under the "Oakley" name, which has come to be known as a source indicator of Oakley products. The "Oakley" trademark has been used continuously in association with its footwear products since 1997.

5. Oakley is the owner of U.S. Registered Trademark No. 2,293,046, duly registered on November 16, 1999, claiming the trademark "OAKLEY" for use on goods in Classes 25. A true and correct copy of this trademark registration is attached hereto and incorporated by reference as Exhibit 1.

6. The trademark registration referred to above is in full force and effect. The trademark and the good will of the business of Plaintiff Oakley in connection with which the trademark has been used have never been abandoned. Oakley continues to preserve and maintain its rights with respect to said trademark registration.

7. The trademark above is inherently distinctive in appearance and has become, through public acceptance, a distinctive designation of the source of origin of goods offered by Oakley.

8. Plaintiff is informed and believes and based thereon alleges that Defendant Weyco and its agents, employees, and servants have advertised and sold products bearing the trademark referred to above, which advertisements and products sold are confusingly similar to that of the Oakley's trademark, and are, therefore, an infringement of Oakley's above described trademark.

9. Defendant has received written notice of Oakley's proprietary rights in its trademark by way of actual written notice from Oakley's attorneys. Further, Defendant has received constructive notice of Oakley's trademarks as Oakley caused the trademarks to be placed plainly on the advertisements and/or packaging. Despite said actual and constructive knowledge, Defendant has continued to infringe Oakley's trademark rights. On information and belief, such infringement by Defendant has been willful and wanton.

10. Since 1997, Oakley has expended money in the promotion of its footwear product lines utilizing the "Oakley" trademark. As a result of these promotional efforts, Oakley products have become and are now known to be connected to the mark and are recognized in this District and elsewhere as emanating from and authorized by Oakley.

11. Oakley's products and their connection with the "Oakley" trademark have become, through public acceptance, a distinctive designation of the source of origin of goods offered by Oakley and an asset of incalculable value as a symbol of Oakley and its quality goods and good will.

12. Oakley is informed and believes and thereupon alleges that the Defendant's Nunn Bush line of footwear products bearing the name "Oakley", are designed, manufactured, packaged, advertised, displayed and/or sold expressly to deceive customers desirous of purchasing products authorized by Oakley or to *profit from*

the demand created by Oakley for the inherently distinctive features of the Oakley products.

13. Oakley is further informed and believes and thereupon alleges that the presence of Defendant's products in the marketplace using a mark that is the same or substantially similar to Oakley's trademark damages the value of Oakley's exclusive rights. The presence of the products in the marketplace using a mark that is the same or substantially similar to Oakley's trademark is likely to diminish the apparent exclusivity of the genuine Oakley products thereby dissuading potential customers who otherwise would have sought Oakley products. Upon information and belief, Oakley alleges that such deception has misled and continues to mislead and confuse many of the purchasers to buy the products sold by Defendant and/or has misled non-purchasers to believe the products emanate from or are authorized by Oakley.

14. Oakley is informed and believes and thereupon alleges that the sale of Defendant's products using a mark the same or substantially similar to Oakley's trademark has resulted in lost sales, has reduced the business and profit of Oakley, and has greatly injured the general reputation of Oakley, all to Oakley's damage in an amount not yet fully determined.

15. The exact amount of profits realized by Defendant as a result of its infringing activities, are presently unknown to Oakley, as are the exact amount of damages suffered by Oakley as a result of said activities. These profits and damages cannot be accurately ascertained without an accounting. Further, Defendant's actions are irreparably injuring Oakley and will continue unless and until enjoined by this court.

## FIRST CLAIM FOR RELIEF

16. The allegations of paragraphs 1 through 15 are repled and realleged as though fully set forth herein.

17. This is a claim for trademark infringement, and arises under 15 U.S.C. § 1114 against Defendant Weyco.

18. Jurisdiction is founded upon 15 U.S.C. § 1121.

19. Oakley is the owner of U.S. Registered Trademark No. 2,293,046, which confer on Oakley the exclusive right to use this trademark in commerce. True and correct copies of U.S. registered Trademark No. 2,293,046 is attached hereto as Exhibit 1.

20. The mark has been in use in commerce in connection with the sale of Oakley footwear products continuously since at least as early as their respective dates of issue. The marks appear clearly on product, packaging, advertisements, product brochures, and/or the website www.oakley.com.

21. Defendant, through their agents, employees and servants, have manufactured, advertised, and sold products using a substantially similar mark to Oakley's registered marks without authority from Oakley for doing so.

22. Oakley is informed and believes, and thereupon alleges, that Defendant's use of the name "Oakley" is identical to Oakley's registered trademark "Oakley". Accordingly, Defendant's product should be considered counterfeit. Defendant's use is within the same class of goods as Oakley's trademark rights, class 25.

23. Oakley is informed and believes, and thereupon alleges, that Defendant's use of "Oakley" in connection with goods in commerce constitutes trademark infringement, false designation or origin, a false description or representation of goods and wrongfully and falsely represents to the consuming public that the Defendant's advertising and products bearing the Oakley trademark originated from or somehow are authorized by Oakley.

24. Oakley is informed and believes, and thereupon alleges, that Defendant's unauthorized use of Oakley's registered trademark has caused confusion in the marketplace as to the source of origin of Defendant's products and has caused damage to Oakley within this jurisdictional district.

25. Oakley is informed and believes, and thereupon alleges, that Defendant's willfully infringed upon Oakley's exclusive rights under its trademark with the intent to trade upon the good will of Oakley and to injure Oakley.

26. Oakley is informed and believes, and thereupon alleges, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial.

27. Oakley is informed and believes, and thereupon alleges, that Defendant will continue to infringe Oakley's registered trademark to the great and irreparable injury of Oakley, for which Oakley has no adequate remedy at law unless Defendants are enjoined by this court.

28. Oakley has been damaged in this judicial district as a result of the Defendant's infringement of its trademark.

## SECOND CLAIM FOR RELIEF

29. The allegations of paragraphs 1 through 28 are repled and realleged as though fully set forth herein.

30. This is an action for unfair competition, false designation of origin of goods, and false description or representation of goods against Defendant, pursuant to 15 U.S.C. § 1125(a).

31. Jurisdiction is founded upon 15 U.S.C. § 1121.

32. Oakley is informed and believes and thereupon alleges that Defendant's use of "Oakley" constitutes a false designation of origin, a false description or representation of goods, and wrongfully and falsely represents to the consuming public that the Weyco products originated from or somehow are authorized by Oakley. These acts amount to utilizing a false designation of origin and a false description or representation in interstate commerce to compete unfairly with Oakley.

33. Oakley is informed and believes and thereupon alleges that the actions of Defendant was done willfully, knowingly and maliciously with the intent to trade upon the good will of Oakley and to injure Oakley.

34. The Defendant's acts are in violation of 15 U.S.C. § 1125(b), and will continue to the great and irreparable injury of Oakley unless enjoined by this Court.

WHEREFORE, Plaintiff Oakley, Inc. prays as follows:

1. That Defendant be adjudicated to have infringed Oakley's Registered Trademark No. 2,293,046, and that the trademark is valid and enforceable and is owned by Oakley;

2. That Defendant, and his agents, servants, employees, and attorneys and all persons in active concert and participation with them, be enjoined and restrained, during the pendency of this action and permanently thereafter from:

    A. Using the Oakley's Registered Trademark No. 2,293,046 or any mark similar thereto in connection with the sale of any goods;

    B. Using "Oakley" mark in connection with the sale of any goods;

    C. Committing any acts which may cause purchasers to believe that the Defendant or the products Defendant is selling are sponsored or authorized by, or are in any way associated with Plaintiff;

    D. Selling, passing off, or inducing or enabling others to sell or pass off any products as products produced by Plaintiff, which products are not Plaintiff's or are not produced under the control and supervision and approved by Plaintiff; and

    E. Infringing Plaintiff's trademark rights;

3. That Defendant, its agents, servants, employees and attorneys and all persons in active concert or participation with them, be enjoined and restrained, during the pendency of this action, and permanently thereafter

Complaint for Trademark Infringement

from advertising or selling products in any manner that does or tends to dilute the distinctive value of Oakley's "Oakley" trademark;

4. That Defendant be directed to file with this court and serve upon Oakley within 30 days after the service of the injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

5. That Defendant be required to account to Oakley for any and all profits derived by it, and all damages sustained by Oakley by reason of Defendant's trademark infringement, unfair competition and false designation of origin, together with interest and costs;

6. For all of Defendant's profits derived from their infringement of Plaintiff's trademark rights pursuant to 15 U.S.C. § 1117;

7. For treble damages under 15 U.S.C. § 1117;

8. That an award of reasonable costs, expenses, and attorney's fees be awarded against Defendant pursuant to 15 U.S.C. § 1116(a); and

9. That Oakley have such other and further relief as the circumstances of this case may require and as this court may deem just and proper.

DATED: March 14 2008          WEEKS, KAUFMAN, NELSON & JOHNSON

_____
Chandler G. Weeks
Attorney for Plaintiff, Oakley, Inc.

## JURY DEMAND

Plaintiff Oakley, Inc. hereby requests a trial by jury in this matter.

DATED: March 14 2008          WEEKS, KAUFMAN, NELSON & JOHNSON

_____
Chandler G. Weeks
Attorney for Plaintiff, Oakley, Inc.

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,293,046

**United States Patent and Trademark Office**  Registered Nov. 16, 1999

## TRADEMARK
PRINCIPAL REGISTER

### OAKLEY

OAKLEY, INC. (WASHINGTON CORPORATION)
10 HOLLAND
IRVINE, CA 92718

FOR: CLOTHING, HEADWEAR AND FOOTWEAR AND FOOTWEAR, NAMELY, SPORT SHIRTS, JERSEYS, SHIRTS, JACKETS, VESTS, SWEATSHIRTS, PULLOVERS, COATS, SKI PANTS, HEADWEAR, CAPS, SHOES, ATHLETIC FOOTWEAR, ALL PURPOSE SPORTS FOOTWEAR AND SOCKS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 10-0-1997; IN COMMERCE 10-0-1997.

OWNER OF U.S. REG. NOS. 1,356,297, 1,522,692, AND 1,980,039.

SEC. 2(F).

SN 75-154,056, FILED 8-22-1996.

DOMINICK J. SALEMI, EXAMINING ATTORNEY

Exhibit 1
Page 1 of 1

&JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
OAKLEY, INC., a Washington corporation

**(b)** County of Residence of First Listed Plaintiff: Orange County, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Weeks, Kaufman, Nelson & Johnson, 462 Stevens Avenue, Suite 310, Solana Beach, CA 92075 (858) 794-2140

## DEFENDANTS
WEYCO GROUP, INC., a Wisconsin corporation, dba NUNN BUSH

County of Residence of First Listed Defendant: Milwaukee County, WI
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

FILED 2008 MAR 14 PM 4:25

'08 CV 0480 L RBB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1114

Brief description of cause:
This is a case of trademark infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 03/14/2008
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 148788  AMOUNT $350  APPLYING IFP  JUDGE  MAG. JUDGE

SU 3/14/08
cc

```
        UNITED STATES
        DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
         SAN DIEGO DIVISION

      # 148788      - SH

        March 14, 2008
           16:23:17

        Civ Fil Non-Pris
   USAO #.: 08CV0480
   Judge..: M. JAMES LORENZ
   Amount.:              $350.00 CK
   Check#.: BC1080


      Total->  $350.00


   FROM: OAKLEY INC. V. WEYCO GROUP INC
```